IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT ANKERSON and § | | PLAINTIFFS/ |
| BRITTNEY ANKERSON § | | COUNTER-DEFENDANTS |
| § | | |
| § | | |
| V. § | | CIVIL NO. 1:14-cv-433-HSO-JCG |
| § | | |
| § | | |
| AMERICAN ZURICH § | | DEFENDANT/ |
| INSURANCE COMPANY § | | COUNTER-CLAIMANT |

ORDER OF REMAND TO STATE COURT

This matter comes before the Court *sua sponte*, upon its January 14, 2015, Order [7] which directed briefing on the issue of the Court's subject matter jurisdiction, particularly the amount in controversy. Defendant American Zurich Insurance Company filed a Memorandum Brief in Support of Subject Matter Jurisdiction [6] on January 28, 2015. Having considered the record as a whole and relevant legal authorities, the Court is of the opinion that it lacks subject matter jurisdiction and that this case must be remanded to the Circuit Court of Jackson County, Mississippi.

I. BACKGROUND

A.  Factual Background

Plaintiffs Scott and Brittney Ankerson ["Plaintiffs"] contend that they are named insureds under a builder's risk policy [the "Policy"] issued by Defendant American Zurich Insurance Company ["Defendant"] or ["American Zurich"]. Compl.

-1-

[1-2] at 3-4. According to Plaintiffs, the Policy covers their dwelling, dwelling extension, personal property, and related loss of use for their property located at 7329 Amberwood Lane, Lucedale, Mississippi. *Id.* The dwelling was under construction at all times relevant to this dispute. *Id.* at 4. Plaintiffs allege that on or about August 25, 2014, Plaintiff Scott Ankerson's "contractors box" containing his tools was stolen while it was stored and being used on the dwelling's premises. *Id.* Plaintiffs maintain that they timely presented a claim to American Zurich for the loss, but that American Zurich "improperly handled and/or denied the Plaintiffs [sic] claim and refused to provide the Plaintiffs with fair compensation for the covered losses." *Id.*

B.  Procedural History

Plaintiffs filed their Complaint [1-2] in the Circuit Court of Jackson County, Mississippi, on October 14, 2014, naming American Zurich as the sole Defendant. Compl. [1-2] at 3. The Complaint advances claims for breach of contract and negligence. *Id.* at 4-6. Plaintiffs seek compensatory damages; consequential and extra-contractual damages including compensation for emotional distress, inconvenience, attorneys' fees, and costs of litigation; and punitive damages. *Id.* at 6-7. The Complaint does not contain a specific monetary demand.

American Zurich removed the case to this Court on November 26, 2014, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1-2. The Notice of Removal [1] does not reveal the amount in controversy, but asserts generally that the amount in controversy is satisfied because Plaintiffs seek

both compensatory damages and an unspecified amount of punitive damages.  *Id.* at 2.

On January 14, 2015, the Court required American Zurich to file a brief containing additional information demonstrating that the amount in controversy in this case exceeds the jurisdictional minimum.  Order [5] at 2.  On January 28, 2015, American Zurich filed a Memorandum Brief in Support of Subject Matter Jurisdiction [6].  According to American Zurich, "[u]pon information and belief, the alleged value of Plaintiffs' contractors box and tools is $4,320."  Mem. Br. [6] at 1-2 (citing Tool Inventory [6-2] at 1).  American Zurich relies upon Plaintiffs' request for unspecified liquidated consequential and punitive damages to argue that the amount in controversy requirement is nevertheless satisfied.  *Id.* at 2-4.

## II.  DISCUSSION

A.  Removal Standard

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441(a) (2012).  Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,*

665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

The record reflects that the parties are of completely diverse citizenship. At issue is whether the amount in controversy is satisfied. According to § 1446(c)(2),

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> (A)  the notice of removal may assert the amount in controversy if the initial pleading seeks—
>   (i)  nonmonetary relief; or
>   (ii)  a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B)  removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2). Under § 1446, "a defendant's notice of removal need only include a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (emphasis added). Generally, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be

accepted when not contested by the plaintiff *or questioned by the court.*" *Id.* at 553 (emphasis added). When questioned, § 1446(c)(2)(B) dictates the procedure to follow: "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

B.  Diversity Jurisdiction

As this Court has previously found, "[i]t is not facially apparent from the pleadings that the matter in controversy exceeds the sum or value of $75,000.00," and the Court has questioned whether the amount in controversy requirement is truly satisfied. Order [5] at 2. Based upon the submissions filed by American Zurich, the Court turns to whether the amount in controversy has been shown by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

The value of Plaintiffs' claim which American Zurich denied totaled $4,320.00. Tool Inventory [6-2] at 1. American Zurich relies upon a string of cases from the Southern and Northern Districts of Mississippi to argue that the demand in the Complaint for an unspecified amount of consequential and punitive damages can account for the other $70,680.00 needed to reach the jurisdictional threshold. Mem. Br. [6] at 2 (citing *Walker v. Scales*, No. 1:13-CV-00227-SA-DAS, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014); *Harmon v. IBM Lender Business Process Services, Inc.*, No. 1:11CV206-SA-DAS, 2012 WL 4588017 (N.D. Miss. Oct. 2, 2012); *Nguyen v. Regions Bank*, No. 1:10cv253-HSO-JMR, 2010 WL 5071173 (S.D. Miss.

Dec. 7, 2010)).  A closer review of these decisions reveals that they do not dictate the result American Zurich suggests.

The compensatory damages sought in each of those cases well exceeded the $4,320.00 in controversy here.  *Walker* involved a dispute over the plaintiff's uninsured motorist coverage, which for bodily injury totaled $25,000.00 per person and $50,000.00 per accident, and for property damage totaled $25,000.00. *Walker*, No. 1:13-CV-00227-SA-DAS, Notice of Removal [1] at 3 (N.D. Miss. Nov. 27, 2013).[1] *Harmon* was a case where the plaintiff asserted claims for wrongful foreclosure, conversion, and intentional infliction of emotional distress related to a $32,500.00 promissory note.  *Harmon*, 2012 WL 4588017, at *1.  In *Nguyen*, the plaintiff sought $35,000.00 in wind-hail coverage after the defendant lender allegedly failed to pay plaintiff's insurance premium from an escrow account.  *Nguyen*, 2010 WL 5071173, at *2 n.1.

The facts of the present case are distinguishable.  Based upon the record as a whole, the Court cannot say that American Zurich has shown by preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1446(c)(2).  Because the Court must resolve all doubts about whether jurisdiction exists in favor of remand, remand is required.

---

[1] The plaintiff in *Walker* argued that the amount in controversy was less than the insurer asserted in the Notice of Removal because the plaintiff was the sole occupant of his vehicle and the insurer had already tendered approximately $4,000.00 to cover his property damage.  *Walker*, No. 1:13-CV-00227-SA-DAS, Mot. to Remand [4] at 2 (N.D. Miss. Dec. 12, 2013).  However, even accepting the plaintiff's calculation of the amount in controversy, the compensatory damages sought in *Walker* were approximately $46,000.00.  *See id.*

### III.  CONCLUSION

American Zurich has not carried its burden of demonstrating that the Court has subject matter jurisdiction over this dispute.  The case must be remanded to state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **REMANDED** to the Circuit Court of Jackson County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 2nd day of February, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE